1 | ROBBINS GELLER RUDMAN
& DOWD LLP
2 | JOHN J. STOIA, JR. (141757)
RACHEL L. JENSEN (211456)
3 | PHONG L. TRAN (204961)
655 West Broadway, Suite 1900
4 | San Diego, CA  92101
Telephone:  619/231-1058
5 | 619/231-7423 (fax)

6 | Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY FERREIRA, on Behalf of Himself and All Others Similarly Situated and the General Public,<br><br>                Plaintiff,<br><br>   vs.<br><br>GROUPON, INC., NORDSTROM, INC., Individually and on Behalf of All Similarly Situated Entities, and DOES 1 through 100, inclusive,<br><br>                Defendants. | No. **'11 CV0132 DMS POR**<br><br>CLASS ACTION<br><br>COMPLAINT FOR:<br><br>(1) VIOLATIONS OF THE CREDIT CARD ACCOUNTABILITY RESPONSIBILITY AND DISCLOSURE ACT AND THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. §1693 *et seq.*;<br><br>(2) VIOLATION OF THE UNFAIR COMPETITION LAW, CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 *et seq.*;<br><br>(3) VIOLATIONS OF THE FALSE ADVERTISING LAW, CALIFORNIA BUSINESS AND PROFESSIONS CODE §17500 *et seq.*;<br><br>(4) VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE §1750 *et seq.*; AND<br><br>(5) UNJUST ENRICHMENT<br><br>DEMAND FOR JURY TRIAL |

S:\CptDraft\Consumer\Groupon Cpt.doc

Plaintiff Anthony Ferreira ("Plaintiff"), by and through his undersigned attorneys, brings this action on behalf of himself and on behalf of a Class of all others similarly-situated, against Defendants Groupon, Inc., Nordstrom, Inc. and the Defendant Retail Class, as defined below, for compensatory damages and equitable, injunctive, and declaratory relief.  Plaintiff alleges the following upon information and belief based on the investigation of counsel, except as to those allegations which specifically pertain to Plaintiff (which are alleged upon personal knowledge).

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of himself and other similarly-situated consumers nationwide who purchased gift certificates for products and services from Groupon, Inc. ("Groupon").  These gift certificates, referred to and marketed as "groupons," are sold and issued with expiration dates that are deceptive and illegal under both federal and state laws.

2. Groupon is a web-based company that purports to offer discounted deals on a wide variety of products and services, including restaurants and bars, salons and spas, clothing and other retail items, and dance classes and other instructional lessons, among other things.

3. Groupon's business model is based on offering discounts to consumers en masse by directly partnering with retail businesses that provide the products or services.  Groupon promises to increase the sales volume of its retail partners by sending out "Daily Deal" e-mails to its massive subscription base (comprised of tens of millions of consumers nationwide), highlighting and promoting the products and services of its retail partners.

4. Groupon and its retailer partners share in revenues from "groupon" sales.  Once consumers agree to purchase a minimum, specified number of "groupon" gift certificates for a particular "Daily Deal," the "Deal" is triggered, and Groupon charges each consumer the advertised purchase amount.  Groupon then sends a confirmatory e-mail to each purchasing consumer with a link to its website for downloading and printing the "groupon" gift certificate, which then may be redeemed with the retail business offering the product or service for a limited period of time.

5. Groupon partners with hundreds, if not thousands, of retail businesses around the country, including large, nationwide companies such as Nordstrom, Inc. ("Nordstrom").

6. The problem with Groupon's business model is that Groupon and its retail partners, including Nordstrom, sell and issue "groupon" gift certificates with relatively short expiration dates, knowing that many consumers will not use the gift certificates prior to the expiration date. However, the Credit Card Accountability Responsibility and Disclosure Act ("CARD Act") and the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §1693 *et seq.*, specifically prohibit the sale and issuance of gift certificates, such as "groupons," with expiration dates. Similarly, California Civil Code §1749.5 prohibits the sale and issuance of gift certificates with expiration dates.

7. Groupon's systematic placement of expiration dates on its gift certificates is deceptive and harmful to consumers. Groupon effectively creates a sense of urgency among consumers to quickly purchase "groupon" gift certificates by offering "Daily Deals" for a short amount of time, usually a 24-hour period. Consumers therefore feel pressured and are rushed into buying the gift certificates and unwittingly become subject to the onerous sales conditions imposed by Groupon, including illegal expiration terms, which are relatively short, often just a few months.

8. Groupon and its retail partners, including Nordstrom, bank on the fact that consumers often will not manage to redeem "groupon" gift certificates before the limited expiration period – therefore, many consumers are left with nothing, despite already having paid for the particular service or product. Accordingly, Groupon and its retail partners reap a substantial windfall from the sale of gift certificates that are not redeemed before expiration, which is precisely the type of harmful business conduct that both Congress and the California State Legislature intended to prohibit.

9. Plaintiff, like many unsuspecting consumers nationwide, fell victim to Groupon's deceptive and unlawful illegal conduct and purchased a "groupon" gift certificate bearing an illegal expiration date.

10. Plaintiff, on behalf of himself and the Class, therefore brings this class action against Groupon, Nordstrom and the Defendant Retail Class, as defined below, and Does 1 through 100, inclusive (collectively "Defendants") for equitable (injunctive and/or declaratory) relief, violations of the CARD Act and the EFTA, 15 U.S.C. §1693 *et seq.*; California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.* ("UCL" or "17200"); the False Advertising Law, Cal. Bus &

Prof. Code §17500 *et seq.* ("FAL" or "17500"); Consumer Legal Remedies Act, Cal. Civ. Code §1750 *et seq.* ("CLRA"); and unjust enrichment.  Plaintiff seeks damages and equitable relief on behalf of himself and the Class, which relief includes, but is not limited to, full refunds for Plaintiff and Class members, compensatory and punitive damages, an order enjoining Defendants and the Defendant Retail Class from selling and issuing "groupon" gift certificates with expiration dates and other onerous terms, costs and expenses, as well as Plaintiff's reasonable attorneys' fees and expert fees, and any additional relief that this Court determines to be necessary or appropriate to provide complete relief to Plaintiff and the Class.

**PARTIES**

11. At all times relevant to this matter, Plaintiff, Anthony Ferreira, resided and continues to reside in San Diego, California.  During the relevant time period, Mr. Ferreira received offers for discounted products and services from Groupon and purchased a "groupon" gift certificate based on representations and claims made by Groupon.  The "groupon" gift certificate purchased by Mr. Ferreira was subject to an illegal expiration date.

12. Defendant, Groupon, Inc., is a privately-held company incorporated under the laws of the state of Delaware.  Groupon's corporate headquarters is located in Chicago, Illinois.  Groupon also maintains an office in Palo Alto, California.  Groupon is registered to do business in the state of California and does business in the state of California.  Groupon markets, sells and issues its "groupon" gift certificates to millions of consumers throughout the United States, including hundreds of thousands of consumers in California and in San Diego County.

13. Defendant, Nordstrom, Inc., is a leading specialty retailer with more than 200 stores located in 28 different states.  In addition to its flagship retail stores, Nordstrom operates a chain of clearance stores called Nordstrom Rack.  Nordstrom is a Washington corporation with its principal executive offices located in Seattle, Washington.  Nordstrom is registered to do business in the state of California, and does business in the state of California.  At all relevant times, Nordstrom operated and continues to operate retail stores, including Nordstrom Rack stores, in California and in San Diego County.  Groupon, on behalf of Nordstrom and under an agreement with Nordstrom,

1  marketed, sold and issued "groupon" gift certificates for Nordstrom Rack products to Class members

2  thought the country, in California, and in San Diego County.

3      14.    Nordstrom is being sued individually and on behalf of a Defendant Retail Class of

4  business entities all over the United States that enter agreements and/or partner with Groupon to sell

5  and issue "groupon" gift certificates with expiration dates.

6      15.    The true names and capacities of Defendants sued herein as Does 1 through 100,

7  inclusive, are presently unknown to Plaintiff who therefore sues these Defendants by fictitious

8  names.  Plaintiffs will amend this Complaint to show their true names and capacities when they have

9  been ascertained.  Each of the Doe Defendants is responsible in some manner for the conduct alleged

10 herein.

## JURISDICTION AND VENUE

12      16.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 and the Class

13  Action Fairness Act of 2005, 28 U.S.C. §1332(d)(2).  The matter in controversy in this class action

14  exceeds $5,000,000, exclusive of interest and costs, and some members of the class are citizens of

15  states other than the states in which Defendants are incorporated and have their principal place of

16  business.  In addition, pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over

17  Plaintiff's state law claims.

18      17.    This Court has personal jurisdiction over Groupon and Nordstrom because they are

19  authorized to do business and have conducted business in California, they have specifically

20  marketed, sold and issued "groupon" gift certificates in California, they have sufficient minimum

21  contacts with this State, and/or sufficiently avail themselves to the markets of this State through their

22  promotion, sales, and marketing within this State to render the exercise of jurisdiction by this Court

23  permissible.

24      18.    Venue is proper in this District pursuant to 28 U.S.C. §§1391(a) and (b), because a

25  substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial

26  district.  Venue is also proper under 18 U.S.C. §1965(a) because Defendants transact substantial

27  business in this District.

28

**FACTUAL ALLEGATIONS**

**A.    Defendants' Scheme to Sell and Issue Gift Certificates with Illegal Expiration Dates**

19.    Launched in November 2008, Groupon is a "social promotions" website that promises consumers discounted deals on various products and services, purportedly through the power of "collective buying." To take advantage of the deals offered by Groupon, consumers must sign-up and provide their e-mail address and other information to Groupon. Close to 40 million people worldwide reportedly have signed-up to receive offers from Groupon.

20.    Every weekday, Groupon sends subscribers in each of the cities it operates a "Daily Deal" e-mail, promoting the particular products or services of the retail businesses with which it has partnered. To trigger the "Daily Deal," consumers must purchase a specified number of "groupon" gift certificates for the particular product or service offered that day. Groupon sends targeted "Daily Deal" e-mails to close to 90 cities throughout the United States.

21.    To arouse consumer interest and create the urgency to buy "groupon" gift certificates, Groupon offers the "Daily Deal" for a limited amount of time, usually a 24-hour period. This creates a "shopping frenzy" among consumers who feel pressured to purchase "groupon" gift certificates as quickly as possible. Consumers purchase "groupon" gift certificates directly through Groupon's website, using their credit or debit cards.

22.    Groupon also uses electronic social media, such as Facebook and Twitter, to promote and stoke demand for its "Daily Deals," creating additional pressure among consumers to buy "groupon" gift certificates before time runs out.

23.    Once Groupon sells the specified number of "groupon" gift certificates for a particular "Daily Deal," the "Deal" is officially on, and consumers are charged for the purchase. Groupon subsequently sends a confirmatory e-mail to purchasers with a link to its website, through which purchasers may download and print their "groupon" gift certificates. Consumers may also purchase and download "groupon" gift certificates directly to their mobile phones using an application available on Groupon's website. "Groupon" gift certificates thereafter may be directly redeemed with the retail businesses offering the products and services.

24. Groupon imposes illegal expiration dates, among other onerous conditions, on each "groupon" gift certificate it sells and issues, to the detriment of consumers. The expiration periods on "groupon" gift certificates frequently range just a few months from the date of purchase. Ironically, Groupon knows that after it has driven consumers to purchase "groupon" gift certificates as quickly as possible, many consumers ultimately will be unable to redeem the gift certificates before the expiration period.

25. Accordingly, consumers often cannot take advantage and use the product or service for which they paid before the expiration period imposed by Groupon – leaving a substantial windfall for Groupon and its retail partners.

26. In addition to imposing illegal expiration periods, Groupon foists other deceptive and unfair conditions on consumers. Groupon requires consumers to redeem "groupon" gift certificates in the course of a single transaction. Consumers therefore are forced to redeem their gift certificates all at once and cannot use their the gift certificates for multiple transactions or on multiple occasions. Likewise, consumers cannot redeem any unused portion of "groupon" gift certificates for the cash amount. Groupon essentially places handcuffs on the manner in which consumers can redeem their gift certificates for the products and services offered, even though consumers have already paid in full for such products and services.

**B.  Groupon's Retail Business Partners Agree to Sell Gift Certificates with Illegal Expiration Dates**

27. Groupon focuses on two markets – the consumers who wish to obtain the advertised products or services by purchasing "groupon" gift certificates, and the retail businesses who partner with Groupon to promote their products and services. These retail businesses are willing to partner with Groupon and offer their products and services at a discount because Groupon promises to promote their products and services to its huge subscription base and guarantees them a specified volume of business. In fact, Groupon promises its retail partners that its "Daily Deal" promotion will bring them new customers "overnight."

28. Groupon partners with both local businesses and large, nationwide companies, such as Nordstrom. Hoping to bolster slumping retail sales and capitalize on the 2010 holiday shopping

season, Nordstrom teamed up with Groupon to promote its chain of discount clearance stores, Nordstrom Rack, and offered a Nordstrom Rack "Daily Deal" in late November 2010. The promotion was wildly successful as tens of thousands of consumers nationwide flocked to purchase Nordstrom Rack "groupons." All of these Nordstrom Rack "groupons" were sold and issued with illegal expiration terms.

29. Groupon's business model, particularly its ability to establish partnerships with retail businesses nationwide, including Nordstrom and other members of the Defendant Retail Class, depends in large part on its systematic use of illegal expiration dates. Groupon knows that its retail partners are not willing to offer their products and services at a discount to consumers through the sale of "groupon" gift certificates, without an agreement to limit the time period for which consumers can redeem the gift certificates. Accordingly, Groupon and its retail partners, including Nordstrom, continue to flaunt the law by imposing illegal expiration dates on the "groupon" gift certificates sold to consumers.

30. Groupon reaps massive profits from this business model. Groupon typically takes for itself half (50%) on the sale of each "groupon" gift certificate. Groupon reportedly made half a billion dollars from "groupon" sales in 2010 alone.

**C. Plaintiff Ferreira's Purchase of a Nordstrom Rack Groupon with an Illegal Expiration Date**

31. On or about November 21, 2010, Plaintiff Anthony Ferreira received a "Daily Deal" e-mail offer from Groupon for Nordstrom Rack "groupon" gift certificates.

32. Under the terms of the "Daily Deal" offer, as set forth on Groupon's website, Mr. Ferreira was required to pay $25.00 to Groupon in exchange for a "groupon" gift certificate redeemable for $50.00 worth of apparel, shoes, accessories and other retail products at Nordstrom Rack.

33. "The Fine Print" section of the "Daily Deal" offer stated that the Nordstrom Rack "groupon" gift certificate "Expires Dec 31, 2010." "The Fine Print" section also imposed the following conditions: "Limit 1/person. Valid at all Nordstrom Rack locations. In-store only. Not valid for gift cards. Not valid with other offers or discounts."

34.     Mr. Ferreira purchased a single "groupon" gift certificate for Nordstrom Rack and made payment of $25.00 to Groupon through Groupon's website.

35.     Mr. Ferreira subsequently received an e-mail from Groupon confirming his purchase of a Nordstrom "groupon" gift certificate. The e-mail contained a link to Groupon's website from which Mr. Ferreira could download and print the "groupon" gift certificate.

36.     Mr. Ferreira was unable to redeem the "groupon" gift certificate before the December 31, 2010 expiration period imposed by Groupon. After the expiration date, Mr. Ferreira believed that the "groupon" gift certificate he had purchased was no longer valid and could not be redeemed.

## CLASS ALLEGATIONS

37.     Plaintiff brings this nationwide class action lawsuit on behalf of himself and the proposed Class members under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

38.     Plaintiff seeks certification of the following classes:

**Plaintiff Class (the "Class" and "Class members")**:

All persons who purchased or acquired a "groupon" gift certificate from Groupon with an expiration date of less than five years from the date of purchase.

Specifically excluded from the Class are Defendants, officers, directors or employees of Groupon or Nordstrom, any entity in which any defendants have a controlling interest and any of the affiliates, legal representatives, heirs, or assigns of Defendants. Plaintiff reserves his right to amend the Class definition if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

**Defendant Retail Class**:

All persons or entities that contract and/or partner with Groupon to promote their products and/or services using "groupon" gift certificates with expiration dates.

39.     **Numerosity**. The Plaintiff Class comprises millions of consumers throughout California and the United States. Upon information and belief, the Defendant Retail Class is

comprised of more than a 1,000 entities doing business in the United States. The Classes are so numerous that joinder of all members of the Classes is impracticable.

40. **Commonality and Predominance**. Common questions of law and fact exist as to Plaintiff and all Class members and predominant over any questions which affect only individual members of the Class. These common questions of law and fact include, without limitation:

(a) Whether Groupon, in conjunction with Nordstrom and the Defendant Retail Class, sold and issued "groupon" gift certificates featuring and subject to expiration dates;

(b) Whether Defendants and the Defendant Retail Class' imposition of expiration dates on "groupon" gift certificates violates federal and/or California state laws;

(c) Whether Defendants and the Defendant Retail Class engaged in deceptive and unfair business and trade practices related to the imposition of expiration dates on "groupon" gift certificates and other onerous terms and conditions;

(d) Whether Plaintiff and Class members are entitled to declaratory, injunctive and/or equitable relief; and

(e) Whether Plaintiff and Class members are entitled to compensatory damages, including actual and statutory damages.

41. **Typicality**. Plaintiff's claims are typical to the claims of Class members. Plaintiff and the members of the Plaintiff Class sustained damages arising out of Defendants and the Defendant Retail Class' common course of conduct in violation of law as complained of herein. The damages of each Class member was caused directly by Defendants and the Defendant Retail Class' wrongful conduct in violation of law as alleged herein.

42. **Adequacy**. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class. Plaintiff is an adequate representative of the Plaintiff Class and has no interests which are adverse to the interests of absent class members. Plaintiff has retained counsel who have substantial experience and success in the prosecution of complex class action and consumer protection litigation. Nordstrom is an adequate representative of the Defendant Retail Class because it is a

large, nationwide company that entered into agreements and/or partnered with Groupon to sell and issue "groupon" gift certificates with expiration dates. Nordstrom has the financial resources necessary to defend this action on behalf of itself and the Defendant Retail Class, and is motivated to vigorously defend this action given its joint and several, if not ultimate, liability for the acts complained of herein.

43. **Superiority**. A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all Class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous actions would engender. Furthermore, the expenses and burden of individual litigants and the lack of knowledge of Class members regarding Defendants' activities, would make it difficult or impossible for individual Class members to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. The trial and litigation of Plaintiff's claims will be manageable.

### COUNT I

**Violations of the Credit Card Accountability Responsibility and Disclosure Act and Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.*, on Behalf of Plaintiff and All Class Members Against All Defendants**

44. Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

45. The CARD Act, which amends the EFTA, prohibits the sale or issuance of gift certificates that feature and are subject to expiration dates.

46. Groupon, Nordstrom and members of the Defendant Retail Class sold and issued and/or agreed to sell and issue "groupons," which are "gift certificates" as defined under 15 U.S.C. §1693*l*-1(a)(2)(B), as "groupons" constitute promises that are: (a) redeemable at a single merchant or an affiliated group of merchants; (b) issued in a specified amount that may not be increased or reloaded; (c) purchased on a prepaid basis in exchange for payment; and (d) honored upon presentation by such single merchant or affiliated group of merchants for goods or services.

47. At all relevant times, "Groupon" gift certificates were sold and issued to consumers through electronic fund transfer systems established, facilitated and monitored by Groupon.

48. "Groupon" gift certificates are not exclusively issued in paper form, as Groupon provides an e-mail link to consumers to download and print such gift certificates. Moreover, consumers may download "groupon" gift certificates to their mobile phones through an application available on Groupon's website.

49. "Groupon" gift certificates are marketed and sold to the general public and are not issued as part of any loyalty, award, or promotional program.

50. Groupon, Nordstrom and members of the Defendant Retail Class violated the CARD Act and EFTA by selling and issuing and/or agreeing to sell and issue "groupon" gift certificates with expiration dates, which is plainly prohibited under §1693*l*-1(a)(2)(B) and §1693*l*-1(c)(1).

51. As a direct and proximate result of Defendants' unlawful acts and conduct, Plaintiff and Class members were deprived of the use of their money that was charged and collected by Defendants through the sale of "groupon" gift certificates with illegal expiration dates.

52. Pursuant to 15 U.S.C. §1693m, Plaintiff, on behalf of himself and the Class, seeks a Court order for actual and statutory damages to be determined by the court, injunctive relief, as well as reasonable attorneys' fees and the cost of this action.

**COUNT II**

**Violations of California Business & Professions Code §17200 *et seq.*,
on Behalf of Plaintiff and Class Members Who Reside in California
Against All Defendants**

53. Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

54. Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unlawful," "unfair" and "fraudulent" business practice.

55. Section 17200 specifically prohibits any "*unlawful* . . . business act or practice." Defendants have violated §17200's prohibition against engaging in an unlawful act or practice by, *inter alia*, selling and issuing and/or agreeing to sell and issue "groupon" gift certificates that feature and are subject to expiration dates that are prohibited under both federal and California state laws.

56.     Defendants' ongoing sale and issuance of gift certificates with expiration dates violates the CARD Act and EFTA, 15 U.S.C. §1693 *et seq.*, as discussed above.

57.     Defendants' conduct also violates California's gift certificate laws, Cal. Civ. Code §1749.5, and the CLRA, §1750 *et seq.*, as discussed below.  Plaintiff and Class members reserve their right to allege other violations of law which constitute other unlawful business acts or practices, as further investigation and discovery warrants.  Such conduct is ongoing and continues to this date.

58.     Section 17200 also prohibits any "***unfair*** . . .business act or practice."  As described in the preceding paragraphs, Defendants engaged in the unfair business practice of selling and issuing "groupon" gift certificates with illegal and deceptive expiration dates.

59.     Groupon, with the approval and agreement of its retail business partners, including Nordstrom, imposed other unfair conditions on its "groupon" gift certificates, including forcing consumers to redeem the gift certificates in the course of a single transaction and not providing for the exchange of any unused portion of the gift certificates for their cash value.  Defendants also unfairly limited consumers from using more than one "groupon" gift certificate during each visit to the retail business offering the particular product or service.

60.     Defendants' business practices, as detailed above, are unethical, oppressive and unscrupulous, and they violate fundamental policies of this State.  Further, any justifications for Defendants' wrongful conduct are outweighed by the adverse effects of such conduct.  Thus, Defendants engaged in unfair business practices prohibited by California Business & Professions Code §17200 *et seq.*

61.     Section 17200 also prohibits any "***fraudulent business act or practice***."  Defendants violated this prong of the UCL by disseminating and/or agreeing to disseminate, through Groupon's website and other promotional channels, misleading and partial statements about "groupon" gift certificates that have a tendency to mislead the public. Further, Defendants violated this prong of the UCL by omitting material information about "groupon" gift certificates with the intent to induce reliance by consumers to purchase such gift certificates.  Defendants' claims, nondisclosures and misleading statements concerning "groupon" gift certificates, as more fully set forth above, were

false, misleading and/or likely to deceive the consuming public within the meaning of California Business and Professions Code §17200.

62. Section 17200 also prohibits any "unfair, deceptive, untrue or misleading advertising." For the reasons set forth above, Defendants engaged in unfair, deceptive, untrue and misleading advertising in violation of California Business & Professions Code §17200.

63. Defendants' conduct caused and continues to cause substantial injury to Plaintiff and other Class members. Plaintiff has suffered injury in fact and lost money as a result of Defendants' unfair conduct.

64. Additionally, pursuant to California Business & Professions Code §17203, Plaintiff seeks an order requiring Defendants to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendants to return the full amount of money improperly collected to all those who have paid them.

**COUNT III**

**False and Misleading Advertising in Violation of California Business  
& Professions Code §17500 *et seq.*, on Behalf of Plaintiff and  
Class Members Who Reside in California Against All Defendants**

65. Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

66. California Business & Professions Code §17500 *et seq.* prohibits various deceptive practices in connection with the dissemination in any manner of representations which are likely to deceive members of the public to purchase products and services such as the "groupon" gift certificates offered by Defendants.

67. Defendants' acts and practices as described herein have deceived and/or are likely to deceive Plaintiff and Class members. Defendants use Groupon's website and targeted "Daily Deal" promotions, along with other social media, such as Facebook and Twitter, to extensively market and advertise the gift certificates with misleading and illegal expiration dates and other deceptive terms to consumers.

68. By their actions, Defendants have been and are disseminating uniform advertising concerning "groupon" gift certificates, which by its nature is unfair, deceptive, untrue, or misleading

within the meaning of California Business & Professions Code §17500 *et seq.* Such advertisements are likely to deceive, and continue to deceive, the consuming public for the reasons detailed above.

69. Defendants intended Plaintiff and Class members to rely upon the advertisements and numerous material misrepresentations as set forth more fully elsewhere in the Complaint. In fact, Plaintiff and Class members relied upon the advertisements and misrepresentations to their detriment.

70. The above described false, misleading, deceptive advertising Defendants disseminated continues to have a likelihood to deceive in that Defendants have failed to disclose the true and actual limitations of their gift certificates. Defendants have failed to instigate a public information campaign to alert consumers of these limitations, which continues to create a misleading perception of the efficacy of their gift certificates.

**COUNT IV**

**Violations of the Consumer Legal Remedies Act, California Civil Code §1750 *et seq.*, on Behalf of Plaintiff and Class Members Who Reside in California Against All Defendants**

71. Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

72. The California Consumers Legal Remedies Act, Cal. Civ. Code §1750 *et seq.* provides protection for California consumers against unfair, deceptive and unlawful practices, and unconscionable commercial practices in connection with the sale of any goods or services.

73. Plaintiff and the Class are "consumers" as defined by Cal. Civ. Code §1761(d). The "groupon" gift certificates sold and issued by Groupon, Nordstrom and members of the Defendant Retail Class constitute "goods" and "services" as defined by Cal. Civ. Code §1761(a) and (b).

74. Defendants' ongoing placement of illegal expiration dates and imposition of other deceptive sales terms on "groupon" gift certificates violate the following subsections of Cal. Civ. Code §1770(a) in these respects:

    (5) Defendants' acts and practices constitute misrepresentations that "groupon" gift certificates have characteristics, benefits or uses which they do not have;

      (7)     Defendants misrepresented that "groupon" gift certificates are of a particular standard, quality and/or grade, when they are of another;

      (9)     Defendants' acts and practices constitute the advertisement of goods, without the intent to sell them as advertised;

      (14)    Defendants' acts and practices fail to represent that the transaction involving "groupon" gift certificates confers or involves obligations that are prohibited by law, particularly the imposition of illegal expiration dates and other onerous sales terms;

      (16)    Defendants' acts and practices constitute representations that "groupon" gift certificates have been supplied in accordance with previous representations when they have not; and

      (19)    Defendants inserted unconscionable provisions in the contract for the purchase of gift certificates, specifically illegal expiration dates and other onerous, one-sided restrictions as to the gift certificates' use and redemption.

75. By reason of the foregoing, Plaintiff and the Class haven been irreparably harmed, entitling them to injunctive relief, disgorgement and restitution.

76. Pursuant to §1782 of the CLRA, Plaintiff notified Defendants in writing of the particular violations of §1770 of the CLRA and demanded Defendants rectify the actions described above by providing complete monetary relief, agreeing to be bound by their legal obligations and to give notice to all affected customers of their intent to do so. Plaintiff sent this notice by certified mail, return receipt requested, to Defendants' principal place of business.

77. If Defendants fail to adequately respond to Plaintiff's demand within 30 days of the letter pursuant to §1782 of the CLRA, Plaintiff will amend this claim to add additional claims for relief, including claims for compensatory and exemplary damages. Plaintiff is already entitled to the relief set forth above, along with costs, attorneys' fees and any other relief which the Court deems proper.

## COUNT V

**Unjust Enrichment on Behalf of Plaintiff and
All Class Members Against All Defendants**

78. Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

79. Defendants have received, and continue to receive, a benefit at the expense of Plaintiff and the Class members.

80. Defendants knowingly and/or recklessly sold and issued or agreed to sell and issue "groupon" gift certificates with illegal expiration dates, as well with other deceptive terms and conditions.

81. As a direct and proximate result of Defendants' unlawful acts and conduct, Plaintiff and Class members were deprived of the use of their money that was unlawfully charged and collected by Defendants, and are therefore entitled to reimbursement of any money unjustly paid to Defendants in connection with the sale of "groupon" gift certificates.

## PRAYER FOR RELIEF

Plaintiff, individually, and on behalf of the Class, prays for judgment and relief against Defendants as follows:

A. For an order declaring this a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the proposed classes described herein and appointing Plaintiff to serve as class representative and Plaintiff's counsel Robbins Geller Rudman & Dowd LLP as Lead Counsel for the Class;

B. For an order enjoining Defendants and the Defendant Retail Class from continuing to sell and issue "groupon" gift certificates and pursue the above policies, acts and practices related to the sale and issuance of such gift certificates;

C. For an order requiring Defendants and the Defendant Retail Class to fund a corrective advertising campaign in order to remedy their wrongful and illegal conduct;

D. For an order awarding restitution of the monies Defendants and the Defendant Retail Class wrongfully acquired by Defendants' wrongful and illegal conduct;

1   E.   For an order requiring disgorgement of monies wrongfully obtained as a result of Defendants and the Defendant Retail Class' wrongful and illegal conduct;

F.   For compensatory and punitive damages, including actual and statutory damages, arising from Defendants' and the Defendant Retail Class' wrongful and illegal conduct;

G.   For an award of reasonable attorneys' fees and all costs and expenses incurred in the course of prosecuting this action;

H.   For pre-judgment and post-judgment interest at the legal rate; and

I.   For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

DATED: January 21, 2011

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR.
RACHEL L. JENSEN
PHONG L. TRAN


          s/ Rachel L. Jensen
         RACHEL L. JENSEN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Attorneys for Plaintiff

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ANTHONY FERREIRA, on Behalf of Himself and All Others Similarly Situated and the General Public

**(b)** County of Residence of First Listed Plaintiff: **San Diego County, CA**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Rachel L. Jensen; Robbins Geller Rudman & Dowd LLP
655 W. Broadway, #1900, San Diego, CA 92101; T: 619-231-1058

## DEFENDANTS
GROUPON, INC., NORDSTROM, INC., Individually and on Behalf of All Similarly Situated Entities, and DOES 1 through 100, inclusive

County of Residence of First Listed Defendant: **Cooke County, IL**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**'11 CV 0132 DMS POR**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
~~15 U.S.C. 1693~~   28:1331

Brief description of cause:
Complaint for violations of CARD Act, EFTA, UCL, FAL and CLRA

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE: Not applicable.
DOCKET NUMBER: Not applicable.

DATE: 01/21/2011
SIGNATURE OF ATTORNEY OF RECORD: s/ Rachel L. Jensen

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.