ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR. (141757)
RACHEL L. JENSEN (211456)
PHONG L. TRAN (204961)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
johns@rgrdlaw.com
rachelj@rgrdlaw.com
ptran@rgrdlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY FERREIRA, on Behalf of Himself ) and All Others Similarly Situated and the ) General Public, ) ) Plaintiff, ) ) vs. ) ) GROUPON, INC., NORDSTROM, INC., ) Individually and on Behalf of All Similarly ) Situated Entities, and DOES 1 through 100, ) inclusive, ) ) Defendants. ) ) | No. 3:11-cv-00132-DMS-POR <u>CLASS ACTION</u> FIRST AMENDED COMPLAINT FOR: (1) VIOLATIONS OF THE CREDIT CARD ACCOUNTABILITY RESPONSIBILITY AND DISCLOSURE ACT AND THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. §1693 *et seq.*; (2) VIOLATION OF THE UNFAIR COMPETITION LAW, CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 *et seq.*; (3) VIOLATIONS OF THE FALSE ADVERTISING LAW, CALIFORNIA BUSINESS AND PROFESSIONS CODE §17500 *et seq.*; and (4) VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE §1750 *et seq.* <u>DEMAND FOR JURY TRIAL</u> |

616038_1

Plaintiff Anthony Ferreira ("Plaintiff"), by and through his undersigned attorneys, brings this action on behalf of himself and on behalf of a Class of all others similarly-situated, against Defendants Groupon, Inc., Nordstrom, Inc., and the Defendant Retail Class, as defined below, for compensatory damages and equitable, injunctive, and declaratory relief.  Plaintiff alleges the following upon information and belief based on the investigation of counsel, except as to those allegations which specifically pertain to Plaintiff (which are alleged upon personal knowledge).

## NATURE OF THE ACTION

1.       Plaintiff brings this action on behalf of himself and other similarly-situated consumers nationwide who purchased gift certificates for products and services from Groupon, Inc. ("Groupon").  These gift certificates, referred to and marketed as "groupons," are sold and issued with expiration dates that are deceptive and illegal under both federal and state laws.

2.       Groupon is a web-based company that purports to offer discounted deals on a wide variety of products and services, including restaurants and bars, salons and spas, clothing and other retail items, and dance classes and other instructional lessons, among other things.

3.       Groupon's business model is based on offering discounts to consumers *en masse* by directly partnering with retail businesses that provide the products or services.  Groupon promises to increase the sales volume of its retail partners by sending out "Daily Deal" e-mails to its massive subscription base (comprised of tens of millions of consumers nationwide), highlighting and promoting the products and services of its retail partners.

4.       Once enough consumers agree to purchase a specified number of "groupon" gift certificates for a particular "Daily Deal," the "Deal" is triggered, and Groupon charges each consumer the advertised purchase amount.  Groupon then sends a confirmatory e-mail to each purchasing consumer with a link to its website for downloading and printing the "groupon" gift certificate, which then may be redeemed with the retail business offering the product or service for a limited period of time.

5.       Groupon partners with hundreds, if not thousands, of retail businesses around the country, including large, nationwide companies such as Nordstrom, Inc. ("Nordstrom").  Groupon and its retail partners share in the revenues from "groupon" sales.

6.      The problem with Groupon's business model is that Groupon and its retail partners, including Nordstrom, sell and issue "groupon" gift certificates with relatively short expiration dates, knowing that many consumers will not use the gift certificates prior to the expiration date.  However, the Credit Card Accountability Responsibility and Disclosure Act ("CARD Act") and the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §1693 *et seq.*, specifically prohibit the sale and issuance of gift certificates, such as "groupons," with expiration periods of less than five years.  California Civil Code §1749.5 goes even further than this federal floor, prohibiting the sale and issuance of gift certificates with *any* expiration period.

7.      Groupon's systematic placement of expiration dates on its gift certificates is deceptive and harmful to consumers.  Groupon effectively creates a sense of urgency among consumers to quickly purchase "groupon" gift certificates by offering "Daily Deals" for a short amount of time, usually within a 24-hour period.  Consumers therefore feel pressured and are rushed into buying the gift certificates and unwittingly become subject to the onerous sales conditions imposed by Groupon, including illegal expiration terms, which are relatively short, often just a few months.

8.      Groupon and its retail partners, including Nordstrom, bank on the fact that many consumers will not manage to redeem "groupon" gift certificates before the limited expiration period – therefore, many consumers will simply throw them away, despite already having paid for the particular service or product.  Accordingly, Groupon and its retail partners reap a substantial windfall from the sale of gift certificates that are not redeemed before expiration, which is precisely the type of harmful business conduct that both Congress and the California State Legislature intended to prohibit.

9.      Plaintiff, like many unsuspecting consumers nationwide, fell victim to Groupon's deceptive and illegal conduct and purchased a "groupon" gift certificate bearing an expiration date prohibited by law.

10.     Plaintiff, on behalf of himself and the Class, therefore brings this class action against Groupon, Nordstrom and the Defendant Retail Class, as defined below, and Does 1 through 100, inclusive (collectively "Defendants"), for equitable (injunctive and/or declaratory) relief, violations of the CARD Act and the EFTA, 15 U.S.C. §1693 *et seq.*; California's Unfair Competition Law,

1    Cal. Bus. & Prof. Code §17200 *et seq.* ("UCL" or "17200"); the False Advertising Law, Cal. Bus &

2    Prof. Code §17500 *et seq.* ("FAL" or "17500"); and the Consumer Legal Remedies Act, Cal. Civ.

3    Code §1750 *et seq.* ("CLRA").  Plaintiff seeks damages and equitable relief on behalf of himself and

4    the Class, which relief includes, but is not limited to, full refunds for Plaintiff and Class members,

5    compensatory and punitive damages, an order enjoining Defendants and the Defendant Retail Class

6    from selling and issuing "groupon" gift certificates with expiration dates and other onerous terms,

7    costs and expenses, as well as Plaintiff's reasonable attorneys' fees and expert fees, and any

8    additional relief that this Court determines to be necessary or appropriate to provide complete relief

9    to Plaintiff and the Class.

10                                                        **PARTIES**

11            11.    At all times relevant to this matter, Plaintiff, Anthony Ferreira, resided and continues

12   to reside in San Diego, California.  During the relevant time period, Mr. Ferreira received offers for

13   discounted products and services from Groupon and purchased a "groupon" gift certificate based on

14   representations and claims made by Groupon.   The "groupon" gift certificate purchased by

15   Mr. Ferreira was subject to an illegal expiration date.

16            12.    Defendant, Groupon, Inc., is a privately-held company incorporated under the laws of

17   the state of Delaware.  Groupon's corporate headquarters is located in Chicago, Illinois.  Groupon

18   also maintains its California headquarters in Palo Alto, California.  Groupon is registered to do

19   business in the state of California and does business in the state of California.  Groupon markets,

20   sells and issues its "groupon" gift certificates to millions of consumers throughout the United States,

21   including hundreds of thousands of consumers in California and in San Diego County.

22            13.    Defendant, Nordstrom, Inc., is a leading specialty retailer with more than 200 stores

23   located in 28 different states.  In addition to its flagship retail stores, Nordstrom operates a chain of

24   clearance stores called Nordstrom Rack.  Nordstrom is a Washington corporation with its principal

25   executive offices located in Seattle, Washington.  Nordstrom is registered to do business in the state

26   of California, and does business in the state of California.  At all relevant times, Nordstrom operated

27   and continues to operate retail stores, including Nordstrom Rack stores, in California and in San

28   Diego County.  Groupon, on behalf of Nordstrom and under an agreement with Nordstrom,

marketed, sold and issued "groupon" gift certificates for Nordstrom Rack products to Class members thought the country, in California, and in San Diego County.

14.     Nordstrom is being sued individually and on behalf of a Defendant Retail Class of business entities all over the United States that enter agreements and/or partner with Groupon to sell and issue "groupon" gift certificates with expiration dates.

15.     The true names and capacities of Defendants sued herein as Does 1 through 100, inclusive, are presently unknown to Plaintiff who therefore sues these Defendants by fictitious names.  Plaintiffs will amend this Complaint to show their true names and capacities when they have been ascertained.  Each of the Doe Defendants is responsible in some manner for the conduct alleged herein.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 and the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d)(2).  The matter in controversy in this class action exceeds $5,000,000, exclusive of interest and costs, and some members of the class are citizens of states other than the states in which Defendants are incorporated and have their principal place of business.  In addition, pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

17.     This Court has personal jurisdiction over Groupon and Nordstrom because they are authorized to do business, and have conducted business, in California; they have specifically marketed, sold and issued "groupon" gift certificates in California; they have sufficient minimum contacts with this State; and/or sufficiently avail themselves to the markets of this State through their promotion, sales, and marketing within this State to render the exercise of jurisdiction by this Court permissible.

18.     Venue is proper in this District pursuant to 28 U.S.C. §§1391(a) and (b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.  Venue is also proper under 18 U.S.C. §1965(a) because Defendants transact substantial business in this District.

# FACTUAL ALLEGATIONS

**Defendants' Scheme to Sell and Issue Gift Certificates with Illegal Expiration Dates**

19.     Launched in November 2008, Groupon is a "social promotions" website that promises consumers discounted deals on various products and services, purportedly through the power of "collective buying."  To take advantage of the deals offered by Groupon, consumers must sign-up and provide their e-mail address and other information to Groupon.  Over 70 million people worldwide reportedly have signed-up to receive offers from Groupon.

20.     Every weekday, Groupon sends subscribers in each of the cities it operates a "Daily Deal" e-mail, promoting the particular products or services of the retail businesses with which it has partnered.  To trigger the "Daily Deal," consumers must purchase a specified number of "groupon" gift certificates for the particular product or service offered that day.  Groupon sends targeted "Daily Deal" e-mails to close to 90 cities throughout the United States.

21.     To arouse consumer interest and create the urgency to buy "groupon" gift certificates, Groupon offers the "Daily Deal" for a limited amount of time, usually a 24-hour period.  This creates a "shopping frenzy" among consumers who feel pressured to purchase "groupon" gift certificates as quickly as possible.  Consumers purchase "groupon" gift certificates directly through Groupon's website or mobile applications, using their credit or debit cards.

22.     Groupon also uses electronic social media, such as Facebook and Twitter, to promote and stoke demand for its "Daily Deals," creating additional pressure among consumers to buy "groupon" gift certificates before time runs out.

23.     Once Groupon sells the specified number of "groupon" gift certificates for a particular "Daily Deal," the "Deal" is officially on, and consumers are charged for the purchase. Groupon subsequently sends a confirmatory e-mail to purchasers with a link to its website, through which purchasers may download and print their "groupon" gift certificates.  Consumers may also purchase and download "groupon" gift certificates directly to their mobile devices using an application or by accessing Groupon's website directly.  "Groupon" gift certificates thereafter may be directly redeemed with the retail businesses offering the products and services.

24.     What distinguishes "groupons" from traditional promotional discounts, coupons or two-for-one deals is that "groupons" are paid for in advance by consumers in exchange for the right to redeem them with retailers, and as such, "groupons" constitute "gift certificates" as that term is defined by federal and state laws.  In fact, Groupon admits on its website and in its merchant self-service agreement posted online that the "groupons" it sells to consumers are in fact gift certificates that must comply with state and federal laws that govern gift certificates and gift cards, including the Credit Card Act of 2009 and state laws governing the imposition of expiration dates.

25.     Yet, Groupon flagrantly continues to impose illegal expiration dates, among other onerous conditions, on each "groupon" gift certificate it sells and issues, to the detriment of consumers.  The expiration periods on "groupon" gift certificates frequently range just a few months from the date of purchase.  Ironically, Groupon knows that after it has driven consumers to purchase "groupon" gift certificates as quickly as possible, many consumers ultimately will be unable to redeem the gift certificates before the expiration period.

26.     Accordingly, consumers often cannot take advantage and use the product or service for which they paid before the relatively short expiration period imposed by Groupon – leaving a substantial windfall for Groupon and its retail partners.

27.     In addition to imposing illegal expiration periods, Groupon foists other deceptive and unfair conditions on consumers.  Groupon requires consumers to redeem "groupon" gift certificates in the course of a single transaction.  Consumers therefore are forced to redeem their gift certificates all at once and cannot use the gift certificates for multiple transactions or on multiple occasions.  Likewise, consumers cannot redeem any unused portion of "groupon" gift certificates for the cash amount and cannot obtain replacement "groupons" redeemable for the unused funds.

28.     Moreover, despite claiming to have a liberal customer service policy, Groupon does not provide cash refunds to consumers, or makes it extremely difficult to do so, when the business offering the products or services refuses to honor the "groupon" gift certificate, such as when businesses cannot accommodate the rush of consumers attempting to redeem their "groupons" shortly before the expiration dates.  Groupon essentially places handcuffs on the manner in which

consumers can redeem their gift certificates for the products and services offered, even though consumers have already paid in full for such products and services.

29.    Moreover, certain of the "Daily Deals" promoted by Groupon and its retail partners are not in fact deals at all, insofar as they fail to provide any real discount to consumers.  For example, Groupon partnered with the nationwide floral retailer FTD Group, Inc., ("FTD") and offered a FTD "Daily Deal" in early February to take advantage of Valentine's Day holiday shopping.  Through this "Daily Deal," Groupon claimed that consumers could purchase $40 worth of flowers and gifts from FTD for $20.  It was later revealed, however, that consumers could purchase the same flowers and gifts directly through FTD's own website at a significantly lower price than the $20 price offered through Groupon.  This particular "Daily Deal" was a total sham.

30.    Further, many retail businesses cannot handle the influx of customers that results from their decision to market their goods and services with Groupon.  Businesses struggling to meet this increased demand oftentimes favor non-"groupon" customers, and therefore fail to provide "groupon" customers with the goods or services they were promised before the expiration date, leaving those customers with irredeemable "groupons."  Such was the case with the That Takes the Cake "groupon" in San Francisco, where it was reported that dozens of people flocked to the cupcake store to redeem their prepaid "groupons" before the expiration date but the business could not keep up with demand and refused to honor the deal at a later date.

**Groupon's Retail Business Partners Agree to Sell Gift Certificates with Illegal Expiration Dates**

31.    Groupon focuses on two markets – consumers who seek products or services by purchasing "groupon" gift certificates, and retail businesses who wish to promote their products and services.  These retail businesses are willing to partner with Groupon and offer their products and services at a discount because Groupon promises to promote their products and services to its huge subscription base and guarantees them a specified volume of business.  In fact, Groupon promises its retail partners that its "Daily Deal" promotion will bring them new customers "overnight."

32.    Groupon partners with both local businesses and large, nationwide companies, such as Nordstrom.  Hoping to bolster slumping retail sales and capitalize on the 2010 holiday shopping

season, Nordstrom teamed up with Groupon to promote its chain of discount clearance stores, Nordstrom Rack, and offered a Nordstrom Rack "Daily Deal" in late November 2010. The promotion was wildly successful as tens of thousands of consumers nationwide flocked to purchase Nordstrom Rack "groupons." All of these Nordstrom Rack "groupons" were sold and issued with illegal expiration terms.

33. Groupon's business model, particularly its ability to establish partnerships with retail businesses nationwide, including Nordstrom and other members of the Defendant Retail Class, depends in large part on its systematic use of illegal expiration dates. Groupon knows that its retail partners are not willing to offer their products and services at a discount to consumers through the sale of "groupon" gift certificates, without an agreement to limit the time period for which consumers can redeem the gift certificates. Indeed, it has been reported that close to 40% of all "Daily Deal" type vouchers, such as "groupons," go unredeemed.[1] "Daily Deal" websites like Groupon reportedly pitch these redemption statistics as an incentive to the retail businesses they are wooing. Accordingly, Groupon and its retail partners, including Nordstrom, continue to flaunt the law by imposing illegal expiration dates on the "groupon" gift certificates sold to consumers.

34. Groupon has attempted to circumvent federal and state gift certificate laws by inserting a disclaimer, entitled "Legal Stuff We Have To Say," which is buried at the bottom of "groupon" gift certificates in tiny, barely legible font that is readily overlooked by consumers. Also, for the Nordstrom Rack deal, Groupon purportedly attempted to disclose on an entirely separate webpage that the amount consumers paid for the Groupon (as opposed to its full redeemable value) did not expire. However, Groupon's purported disclaimer and disclosure are inadequate. Importantly, they could neither excuse nor justify Groupon's use of illegal expiration periods because the placement of expiration dates on "groupon" gift certificates constitutes per se violations of federal and state laws, for which there is no applicable exception. Further, Groupon's vaguely-worded, barely legible "Legal Stuff" disclaimer is ineffective as it puts the onus on consumers to

---

[1]   Kelli B. Grant, *10 Things Daily Deal Sites Won't Say*, March 29, 2011, www.smartmoney.com/spending/deals/10-things-daily-deal-sites-wont-say-1301404072442.

1   research their respective state's laws as to whether the expiration date conspicuously printed in bold

2   and large print on the face of the Groupon may be disregarded.  Importantly, Groupon also fails to

3   acknowledge to consumers that its expiration dates are actually illegal in all states because of the

4   federal law governing expiration terms.  Moreover, Groupon's "Legal Stuff" disclaimer is found

5   only on the "groupon" gift certificate itself, which must be downloaded and printed by the consumer.

6   Thus, consumers who do not download and print their "groupon" gift certificates, including

7   individuals who redeem their "groupons" using their mobile device, will never have access to, nor

8   knowledge of, the disclaimer.  Finally, the purported additional disclosure for the Nordstrom "Daily

9   Deal" is not even found on the gift certificate itself but on an entirely separate webpage that a

10  consumer would have to affirmatively decide to click on link and review even though it was not

11  necessary to complete the transaction.

12      35.     Groupon reaps massive profits from this business model.  Groupon typically takes for

13  itself half (50%) on the sale of each "groupon" gift certificate.  Groupon reportedly made half-a-

14  billion dollars from "groupon" sales in 2010 alone.  Groupon's retail partners also profit from the

15  bolstered sales that result from the sale of "groupon" gift certificates, including revenues from the

16  significant amount of groupons that are never redeemed.  Again, Groupon and its retail partners'

17  undue profits are fueled by their use of illegal expiration periods on the gift certificates sold to

18  consumers.

19  **Plaintiff Ferreira's Purchase of a Nordstrom Rack Groupon with an**
    **Illegal Expiration Date**

20

21      36.     On or about November 21, 2010, Plaintiff Anthony Ferreira received a "Daily Deal"

22  e-mail offer from Groupon for Nordstrom Rack "groupon" gift certificates.

23      37.     Under the terms of the "Daily Deal" offer, as set forth on Groupon's website, Mr.

24  Ferreira was required to pay $25.00 to Groupon in exchange for a "groupon" gift certificate

25  redeemable for $50.00 worth of apparel, shoes, accessories and other retail products at Nordstrom

26  Rack.

27      38.     "The Fine Print" section of the "Daily Deal" offer stated that the Nordstrom Rack

28  "groupon" gift certificate "Expires Dec 31, 2010."  "The Fine Print" section also imposed the

following conditions: "Limit 1/person. Valid at all Nordstrom Rack locations. In-store only. Not valid for gift cards. Not valid with other offers or discounts."

39.    Mr. Ferreira purchased a single "groupon" gift certificate for Nordstrom Rack and made payment of $25.00 to Groupon through Groupon's website.

40.    Mr. Ferreira subsequently received an e-mail from Groupon confirming his purchase of a Nordstrom "groupon" gift certificate.  The e-mail contained a link to Groupon's website from which Mr. Ferreira could download and print the "groupon" gift certificate.

41.    Mr. Ferreira was unable to redeem the "groupon" gift certificate before the December 31, 2010 expiration period imposed by Groupon.  After the expiration date, Mr. Ferreira believed that the "groupon" gift certificate he had purchased was no longer valid and could not be redeemed for any value.

**CLASS ALLEGATIONS**

42.    Plaintiff brings this nationwide class action lawsuit on behalf of himself and the proposed Class members under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

43.    Plaintiff seeks certification of the following classes:

**Plaintiff Class (the "Class" and "Class members")**:

All persons in the United States who purchased or otherwise acquired a "groupon" gift certificate issued by Groupon with an expiration date that is earlier than the expiration period provided under applicable federal and state laws.

Specifically excluded from the Class are Defendants; Defendants' officers, directors or employees; any entity in which any defendants have a controlling interest; any of the affiliates, legal representatives, heirs, or assigns of Defendants; and any judges to whom this litigation is assigned, as well as their immediate families.  Plaintiff reserves his right to amend the Class definition if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

**Defendant Retail Class**:

All persons or entities that contracted and/or partnered with Groupon to promote their products and/or services using "groupon" gift certificates with

expiration dates that are earlier than the expiration period provided under applicable federal and state laws.

44.   **Numerosity**.   The Plaintiff Class comprises millions of consumers throughout California and the United States.   Upon information and belief, the Defendant Retail Class is comprised of more than a 1,000 entities doing business in the United States.   The Classes are so numerous that joinder of all members of the Classes is impracticable.

45.   **Commonality and Predominance**.   Common questions of law and fact exist as to Plaintiff and all Class members and predominant over any questions which affect only individual members of the Class.   These common questions of law and fact include, without limitation:

(a)   Whether Groupon, in conjunction with Nordstrom and the Defendant Retail Class, sold and issued "groupon" gift certificates featuring and subject to expiration dates;

(b)   Whether Defendants and the Defendant Retail Class' imposition of expiration dates on "groupon" gift certificates violates federal and/or California state laws;

(c)   Whether Defendants and the Defendant Retail Class engaged in deceptive and unfair business and trade practices related to the imposition of expiration dates on "groupon" gift certificates and other onerous terms and conditions;

(d)   Whether Plaintiff and Class members are entitled to declaratory, injunctive and/or equitable relief; and

(e)   Whether Plaintiff and Class members are entitled to compensatory damages, including actual and statutory damages.

46.   **Typicality**.   Plaintiff's claims are typical to the claims of Class members.   Plaintiff and the members of the Plaintiff Class sustained damages arising out of Defendants and the Defendant Retail Class' common course of conduct in violation of law as complained of herein.   The damages of each Class member was caused directly by Defendants and the Defendant Retail Class' wrongful conduct in violation of law as alleged herein.

47.   **Adequacy**.   Plaintiff will fairly and adequately protect the interests of the Plaintiff Class.   Plaintiff is an adequate representative of the Plaintiff Class and has no interests which are adverse to the interests of absent class members.   Plaintiff has retained counsel who have substantial

experience and success in the prosecution of complex class action and consumer protection litigation.  Nordstrom is an adequate representative of the Defendant Retail Class because it is a large, nationwide company that entered into agreements and/or partnered with Groupon to sell and issue "groupon" gift certificates with expiration dates.  Nordstrom has the financial resources necessary to defend this action on behalf of itself and the Defendant Retail Class, and is motivated to vigorously defend this action given its joint and several, if not ultimate, liability for the acts complained of herein.

48. **Superiority**.  A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all Class members is impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous actions would engender.  Furthermore, the expenses and burden of individual litigants and the lack of knowledge of Class members regarding Defendants' activities, would make it difficult or impossible for individual Class members to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.  The cost to the court system of adjudication of such individualized litigation would be substantial.  The trial and litigation of Plaintiff's claims will be manageable.

### COUNT I

**Violations of the Credit Card Accountability Responsibility and Disclosure Act and Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.*, on Behalf of Plaintiff and All Class Members Against All Defendants**

49. Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

50. The CARD Act, which amends the EFTA, prohibits the sale or issuance of gift certificates that feature and are subject to expiration dates that are earlier than 5 years after the date on which the gift certificates were issued.

51. Groupon, Nordstrom and members of the Defendant Retail Class sold and issued and/or agreed to sell and issue "groupons," which are "gift certificates" as defined under 15 U.S.C. §1693*l*-1(a)(2)(B), as "groupons" constitute promises that are: (a) redeemable at a single merchant or

1   an affiliated group of merchants; (b) issued in a specified amount that may not be increased or

2   reloaded; (c) purchased on a prepaid basis in exchange for payment; and (d) honored upon

3   presentation by such single merchant or affiliated group of merchants for goods or services.

4     52. Indeed, Groupon admits on its website and in its merchant self-service agreement

5   posted online that the "groupons" it sells to consumers are in fact gift certificates and must comply

6   with state and federal laws that govern gift cards and gift certificates, including the CARD Act.

7     53. At all relevant times, "Groupon" gift certificates were sold and issued to consumers

8   through electronic fund transfer systems established, facilitated and monitored by Groupon.

9     54. "Groupon" gift certificates are not exclusively issued in paper form, as Groupon

10   provides an e-mail link to consumers to download and print such gift certificates.  Moreover,

11   consumers may download "groupon" gift certificates directly to their mobile devices using Groupon

12   applications or by accessing Groupon's website.

13     55. "Groupon" gift certificates are marketed and sold to the general public and are not

14   issued as part of any loyalty, award, or promotional program.

15     56. Groupon, Nordstrom and members of the Defendant Retail Class violated the CARD

16   Act and EFTA by selling and issuing and/or agreeing to sell and issue "groupon" gift certificates

17   with expiration dates of less than five years, which is plainly prohibited under §§1693$l$-1(a)(2)(B)

18   and (c)(1).

19     57. Under the regulations implementing the EFTA and CARD Act, no person may sell or

20   issue gift certificates with expiration dates unless there are policies and procedures in place to

21   provide consumers with a reasonable opportunity to purchase a certificate with at least five years

22   remaining until the certificate expiration date. 12 C.F.R. §205.20(e)(1).  Groupon violated this

23   provision by selling and issuing "groupon" gift certificates with expiration dates of less than five

24   years.  Moreover, Groupon's policies and procedures do not provide consumers with a reasonable

25   opportunity to purchase "groupon" gift certificates with five years remaining until the expiration

26   date.  In fact, Groupon's policies and procedures regarding expiration dates are so vague as to be

27   unintelligible and are buried in barely legible fine-print or on completely separate webpages which

28   are readily overlooked by consumers.

58.     As a direct and proximate result of Defendants' unlawful acts and conduct, Plaintiff and Class members were deprived of the use of their money that was charged and collected by Defendants through the sale of "groupon" gift certificates with illegal expiration dates.

59.     Pursuant to 15 U.S.C. §1693m, Plaintiff, on behalf of himself and the Class, seeks a Court order for actual and statutory damages to be determined by the court, injunctive relief, as well as reasonable attorneys' fees and the cost of this action.

### COUNT II

**Violations of California Business & Professions Code §17200 *et seq.*,
on Behalf of Plaintiff and Class Members Who Reside in California
Against All Defendants**

60.     Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

61.     Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unlawful," "unfair" and "fraudulent" business practice.

62.     Section 17200 specifically prohibits any "***unlawful*** . . . business act or practice." Defendants have violated §17200's prohibition against engaging in an unlawful act or practice by, *inter alia*, selling and issuing and/or agreeing to sell and issue "groupon" gift certificates that feature and are subject to expiration dates that are prohibited under both federal and California state laws.

63.     Defendants' ongoing sale and issuance of gift certificates with expiration dates violates the CARD Act and EFTA, 15 U.S.C. §1693 *et seq.*, as discussed above.

64.     Defendants' conduct also violates California's gift certificate laws, Cal. Civ. Code §1749.5, and the CLRA, §1750 *et seq.*, as discussed below.  In addition to prohibiting any person or entity from selling a gift certificate that contains any expiration date, §1749.5 *et seq.* provides that gift certificates with unused funds are redeemable for their cash value or subject to replacement with a new gift certificate containing the unused funds, depending on the dollar amount remaining on the gift certificate.  Defendants violate these additional provisions of §1749.5 by providing that consumers must use their "groupons" in the course of a single transaction and through their practice of refusing cash refunds to consumers for any unused funds toward their groupon.

1     65.     Plaintiff and Class members reserve their right to allege other violations of law which

2     constitute other unlawful business acts or practices, as further investigation and discovery warrants.

3     Such conduct is ongoing and continues to this date.

4     66.     Section 17200 also prohibits any "***unfair*** . . . business act or practice." As described

5     in the preceding paragraphs, Defendants engaged in the unfair business practice of selling and

6     issuing "groupon" gift certificates with illegal and deceptive expiration dates.

7     67.     Groupon, with the approval and agreement of its retail business partners, including

8     Nordstrom, imposed other unfair conditions on its "groupon" gift certificates, including forcing

9     consumers to redeem the gift certificates in the course of a single transaction and not providing for

10    the exchange of any unused portion of the gift certificates for their cash value.

11    68.     Defendants' business practices, as detailed above, are unethical, oppressive and

12    unscrupulous, and they violate fundamental policies of this State.  Further, any justifications for

13    Defendants' wrongful conduct are outweighed by the adverse effects of such conduct.   Thus,

14    Defendants engaged in unfair business practices prohibited by California Business & Professions

15    Code §17200 *et seq.*

16    69.     Section 17200 also prohibits any "***fraudulent business act or practice***." Defendants

17    violated this prong of the UCL by disseminating and/or agreeing to disseminate, through Groupon's

18    website and other promotional channels, misleading and partial statements about "groupon" gift

19    certificates that have a tendency to mislead the public.  Further, Defendants violated this prong of the

20    UCL by omitting material information about "groupon" gift certificates with the intent to induce

21    reliance by consumers to purchase such gift certificates.  Defendants' claims, nondisclosures and

22    misleading statements concerning "groupon" gift certificates, as more fully set forth above, were

23    false, misleading and/or likely to deceive the consuming public within the meaning of California

24    Business and Professions Code §17200.

25    70.     Section 17200 also prohibits any "unfair, deceptive, untrue or misleading

26    advertising."  For the reasons set forth above, Defendants engaged in unfair, deceptive, untrue and

27    misleading advertising in violation of California Business & Professions Code §17200.

28

71. Defendants' conduct caused and continues to cause substantial injury to Plaintiff and other Class members. Plaintiff was harmed at least in the following ways as he: (1) acquired less in the transaction for his "groupon" gift certificate than he would have absent Defendants' unlawful and deceptive conduct; (2) had his present and future interest in the full value of his "groupon" gift certificate diminished; (3) was deprived of money to which he has a cognizable claim; and (4) entered into a transaction, costing him money, that would otherwise have been unnecessary absent Defendants' unlawful and deceptive conduct. Thus, Plaintiff has suffered injury in fact and lost money as a result of Defendants' unfair conduct.

72. Additionally, pursuant to California Business & Professions Code §17203, Plaintiff seeks an order requiring Defendants to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendants to return the full amount of money improperly collected to all those who have paid them.

## COUNT III

**False and Misleading Advertising in Violation of California Business & Professions Code §17500 *et seq.*, on Behalf of Plaintiff and Class Members Who Reside in California Against All Defendants**

73. Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

74. California Business & Professions Code §17500 *et seq.* prohibits various deceptive practices in connection with the dissemination in any manner of representations which are likely to deceive members of the public to purchase products and services such as the "groupon" gift certificates offered by Defendants.

75. Defendants' acts and practices as described herein have deceived and/or are likely to deceive Plaintiff and Class members. Defendants use Groupon's website and targeted "Daily Deal" promotions, along with other social media, such as Facebook and Twitter, to extensively market and advertise the gift certificates with misleading and illegal expiration dates and other deceptive terms to consumers.

76. By their actions, Defendants have been and are disseminating uniform advertising concerning "groupon" gift certificates, which by its nature is unfair, deceptive, untrue, or misleading

1    within the meaning of California Business & Professions Code §17500 *et seq.* Such advertisements

2    are likely to deceive, and continue to deceive, the consuming public for the reasons detailed above.

3        77.    Defendants intended Plaintiff and Class members to rely upon the advertisements and

4    numerous material misrepresentations as set forth more fully elsewhere in the Complaint.  In fact,

5    Plaintiff and Class members relied upon the advertisements and misrepresentations to their

6    detriment.

7        78.    The above described false, misleading, deceptive advertising Defendants

8    disseminated continues to have a likelihood to deceive in that Defendants have failed to disclose the

9    true and actual limitations of their gift certificates.  Defendants have failed to instigate a public

10   information campaign to alert consumers of these limitations, which continues to create a misleading

11   perception of the efficacy of their gift certificates.

12   **COUNT IV**

13   **Violations of the Consumer Legal Remedies Act, California Civil Code**
     **§1750 *et seq.*, on Behalf of Plaintiff and Class Members Who Reside**
14   **in California Against All Defendants**

15       79.    Plaintiff repeats and re-alleges each and every allegation contained above as if set

16   forth herein.

17       80.    The California Consumers Legal Remedies Act, Cal. Civ. Code §1750 *et seq.*

18   provides protection for California consumers against unfair, deceptive and unlawful practices, and

19   unconscionable commercial practices in connection with the sale of any goods or services.

20       81.    Plaintiff and the Class are "consumers" as defined by Cal. Civ. Code §1761(d).  The

21   "groupon" gift certificates sold and issued by Groupon, Nordstrom and members of the Defendant

22   Retail Class constitute "goods" and "services" as defined by Cal. Civ. Code §1761(a) and (b), and

23   Plaintiff's and Class members' purchases of "groupon" gift certificates constitute "transactions," as

24   that term is defined in Cal. Civ. Code § 1761(e).

25       82.    Defendants' ongoing placement of illegal expiration dates and imposition of other

26   deceptive sales terms on "groupon" gift certificates violate the following subsections of Cal. Civ.

27   Code §1770(a) in these respects:

28

(5)   Defendants' acts and practices constitute misrepresentations that "groupon" gift certificates have characteristics, benefits or uses which they do not have;

(7)   Defendants misrepresented that "groupon" gift certificates are of a particular standard, quality and/or grade, when they are of another;

(9)   Defendants' acts and practices constitute the advertisement of goods, without the intent to sell them as advertised;

(14)  Defendants' acts and practices fail to represent that the transaction involving "groupon" gift certificates confers or involves obligations that are prohibited by law, particularly the imposition of illegal expiration dates and other onerous sales terms;

(16)  Defendants' acts and practices constitute representations that "groupon" gift certificates have been supplied in accordance with previous representations when they have not; and

(19)  Defendants inserted unconscionable provisions in the contract for the purchase of gift certificates, specifically illegal expiration dates and other onerous, one-sided restrictions as to the gift certificates' use and redemption.

83.   By reason of the foregoing, Plaintiff and the Class haven been irreparably harmed, entitling them to injunctive relief, actual damages, disgorgement, restitution, punitive damages and any other relief that the court deems proper.

84.   Defendants' placement of illegal expiration dates and imposition of other deceptive sales terms as set forth more fully elsewhere in this Complaint were false, deceptive, and/or misleading and in violation of the CLRA.

85.   Pursuant to §1782 of the CLRA, Plaintiff notified Defendants in writing of the particular violations of §1770 of the CLRA and demanded Defendants rectify the actions described above by providing complete monetary relief, agreeing to be bound by their legal obligations and to give notice to all affected customers of their intent to do so.  Plaintiff sent this notice by certified mail, return receipt requested, to Defendants' principal place of business in California.

86.     Defendants have failed to rectify or agree to rectify the problems associated with the actions detailed above and failed to give notice to all affected consumers within 30 days after receipt of the §1782 notice, thus Plaintiff and all other members of the Class seek actual damages and punitive damages for violation of the CLRA.

87.     In addition, pursuant to Civil Code §1780(a)(2), Plaintiff and Class members are entitled to, and therefore seek, a court order enjoining the above-described wrongful acts and practices that violate Cal. Civ. Code §1770.

88.     Plaintiff and Class members are also entitled to recover attorneys' fees, costs, expenses and disbursements pursuant to Cal. Civ. Code §§1780 and 1781.

## PRAYER FOR RELIEF

Plaintiff, individually, and on behalf of the Class, prays for judgment and relief against Defendants as follows:

A.     For an order declaring this a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the proposed classes described herein and appointing Plaintiff to serve as class representative and Plaintiff's counsel Robbins Geller Rudman & Dowd LLP to serve as Lead Counsel for the Class;

B.     For an order enjoining Defendants and the Defendant Retail Class from continuing to sell and issue "groupon" gift certificates with illegal and/or deceptive expiration dates;

C.     For an order requiring Defendants and the Defendant Retail Class to fund a corrective advertising campaign in order to remedy their wrongful and illegal conduct;

D.     For an order awarding restitution of the monies Defendants and the Defendant Retail Class wrongfully acquired by Defendants' wrongful and illegal conduct;

E.     For an order requiring disgorgement of monies wrongfully obtained as a result of Defendants and the Defendant Retail Class' wrongful and illegal conduct;

F.     For compensatory and punitive damages, including actual and statutory damages, arising from Defendants' and the Defendant Retail Class' wrongful and illegal conduct;

G.     For an award of reasonable attorneys' fees and all costs and expenses incurred in the course of prosecuting this action;

1      H.       For pre-judgment and post-judgment interest at the legal rate; and

2      I.       For such other and further relief as the Court deems just and proper.

3                        **JURY DEMAND**

4      Plaintiff demands a trial by jury on all issues so triable.

5  DATED:  April 4, 2011            ROBBINS GELLER RUDMAN
                                        & DOWD LLP

6                            JOHN J. STOIA, JR.
                            RACHEL L. JENSEN

7                            PHONG L. TRAN

8

9                                       s/ Rachel L. Jensen
                                 RACHEL L. JENSEN

10

11                          655 West Broadway, Suite 1900
                          San Diego, CA  92101

12                          Telephone:  619/231-1058
                          619/231-7423 (fax)

13                          Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1     <u>CERTIFICATE OF SERVICE</u>

2          I hereby certify that on April 4, 2011, I authorized the electronic filing of the foregoing with

3     the Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4     e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5     caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

6     CM/ECF participants indicated on the attached Manual Notice List.

7          I certify under penalty of perjury under the laws of the United States of America that the

8     foregoing is true and correct.  Executed on April 4, 2011.

9
                                             s/ Rachel L. Jensen
10                                           RACHEL L. JENSEN

11                                           ROBBINS GELLER RUDMAN
                                                  & DOWD LLP
12                                           655 West Broadway, Suite 1900
                                             San Diego, CA  92101-3301
13                                           Telephone:  619/231-1058
                                             619/231-7423 (fax)
14
                                             E-mail:rachelj@rgrdlaw.com
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 3:11-cv-00132-DMS -POR

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,e_file_sd@rgrdlaw.com,ldeem@rgrdlaw.com

- **Phong Le Tran**
  Ptran@rgrdlaw.com,junei@rgrdlaw.com,e_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Christopher Munro Young**
  chris.young@dlapiper.com,sarah.walter@dlapiper.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`